```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                                                        :
RALPH W. BAKER JR.,                                                     :
                                                                        :      24-CV-8760 (JMF)
                        Plaintiff,                                      :
                                                                        :
                -v-                                                     :      MEMORANDUM OPINION
                                                                        :      AND ORDER TO
NIKOLE HANNAH-JONES, et al.,                                            :      SHOW CAUSE
                                                                        :
                        Defendants.                                     :
                                                                        :
------------------------------------------------------------------------X
```

JESSE M. FURMAN, United States District Judge:

On November 16, 2024, Plaintiff Ralph W. Baker Jr. ("Baker"), proceeding without counsel, commenced this action under the Copyright Act, 17 U.S.C. § 101, *et seq*. *See* ECF No. 1 ("Compl."). Baker is the author and copyright owner of an autobiographical work, *Shock Exchange: How Inner-City Kids from Brooklyn Predicted the Great Recession and the Pain Ahead* ("*Shock Exchange*"). *See id.* ¶ 2. Baker alleges that publications and derivative works by journalists and authors Nikole Hannah-Jones ("Hannah-Jones") and Ibram X. Kendi ("Kendi") infringed on his copyright. *Id.* ¶ 1. In addition to these two authors, Baker names ninety-five other individuals and entities as Defendants. Upon review, the Court finds that the Complaint may fail to state a claim and, thus, orders Baker to show cause why the Complaint should not be dismissed, in whole or in part.

The Court has the authority to dismiss a civil action *sua sponte* for failure to state a claim on which relief may be granted, "so long as the plaintiff is given notice and an opportunity to be heard." *Wachtler v. Cnty. Of Herkimer*, 35 F.3d 77, 82 (2d Cir. 1994) (internal quotation marks omitted). To avoid dismissal, a plaintiff must state "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is

plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  This means that a complaint is properly dismissed where "the allegations in a complaint, however true, could not raise a claim of entitlement to relief." *Twombly*, 550 U.S. at 558.  Where, as here, a plaintiff proceeds *pro se*, the Court must afford special solicitude to the litigant's filing, including "liberal construction of pleadings, motion papers, and appellate briefs," as well as "relaxation of the limitations on the amendment of pleadings." *Tracy v. Freshwater*, 623 F.3d 90, 101 (2d Cir. 2010).

To state a copyright infringement claim, a plaintiff must allege facts suggesting "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *Feist Pub'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991).  "[C]opying is generally established by showing (a) that the defendant had access to the copyrighted work and (b) the substantial similarity of protectible material in the two works." *Kregos v. Associated Press*, 3 F.3d 656, 662 (2d Cir. 1993).  Because copyright law protects only "the expression of ideas" and "not the ideas themselves," certain elements of works are not copyrightable. *Peter F. Gaito Architecture, LLC v. Simone Dev. Corp.*, 602 F.3d 57, 67 (2d Cir. 2010).  The Second Circuit has noted, however, that "[o]n occasion, . . . when faced with works that have both protectible and unprotectible elements," the analysis "must be more discerning" and that a court "must attempt to extract the unprotectible elements from . . . consideration and ask whether the protectible elements, standing alone, are substantially similar." *Id.* at 66 (cleaned up).  For example, "facts are not copyrightable." *Feist*, 499 U.S. at 344.  Nor are "'scènes à faire,' which involve 'incidents, characters or settings which are as a practical matter indispensable, or at least standard, in the treatment of a given topic.'" *Effie Film, LLC v. Pomerance*, 909 F. Supp. 2d

273, 292 (S.D.N.Y. 2012) (quoting *Hoehling v. Universal City Studios, Inc.*, 618 F.2d 972, 979 (2d Cir. 1980)). Still, "a compilation of unprotectable elements may enjoy copyright protection when those elements are arranged in an original manner," although "random similarities scattered throughout the works" do not support a finding of substantial similarity. *Montgomery v. Holland*, 408 F. Supp. 3d 353, 363 (S.D.N.Y. 2019) (cleaned up). In the end, courts ask "whether a lay observer would consider the works as a whole substantially similar to one another." *Id.* (quoting *Williams v. Crichton*, 84 F.3d 581, 590 (2d Cir. 1996)). Although the issue of substantial similarity is often left for juries to decide, the Second Circuit has "repeatedly recognized that, in certain circumstances, it is entirely appropriate for a district court to resolve that question as a matter of law." *Gaito*, 602 F.3d at 63.

As an initial matter, the Court suspects that Baker's copyright claims may be time barred. The Copyright Act provides that "[n]o civil action shall be maintained under the [Act] unless it is commenced within three years after the claim accrued." 17 U.S.C. § 507(b). As to when "the claim accrued," the Second Circuit follows the "discovery rule," under which "an infringement claim does not accrue until the copyright holder discovers, or with due diligence should have discovered, the infringement." *Michael Grecco Prods., Inc. v. RADesign, Inc.*, 112 F.4th 144, 150 (2d Cir. 2024) (cleaned up). In other words, "[u]nder the discovery rule, a plaintiff has the length of time it takes, using due diligence, to discover the infringement; only from that point does the statute of limitations begin to run." *Id.* at 151. As noted, Baker filed his Complaint on November 16, 2024. Thus, to be timely, Baker must have been unable, with the exercise of due diligence, to discover the infringing activity prior to November 16, 2021, "three years before the complaint was filed." *Id.* Baker's complaint, however, states that Hannah-Jones "wrote the 1619 Project in 2019," Compl. ¶ 7, and that the publication was widely publicized, *see id.*

3

(noting that "The 1619 Project" was "backed by the bullhorn of the New York Times," "was criticized by historians," and that "Ms. Hannah-Jones was awarded the Pulitzer Prize").  Baker should therefore address why the Court should not dismiss some or all of his copyright claims as untimely.  *But see, e.g.*, *RADesign*, 112 F.4th at 150 (noting that "affirmative defenses, like the statute of limitations, often require consideration of facts outside of the complaint and thus are inappropriate to resolve on a motion to dismiss" (cleaned up)).

Even accepting the timeliness of Baker's claims, *sua sponte* dismissal of this action may be warranted for several additional reasons.  Relevant here, the Court takes judicial notice of a similar copyright infringement suit filed by Baker in September 2022 against, among others, journalist and author Ta-Nehisi P. Coates ("Coates") — one of the named Defendants in this case — for unlawfully copying *Shock Exchange*.  *See* Docket No. 22-CV-7986 (JPO), ECF No. 2; *see also Int'l Star Class Yacht Racing Ass'n v. Tommy Hilfiger U.S.A., Inc.*, 146 F.3d 66, 70 (2d Cir. 1998) ("A court may take judicial notice of a document filed in another court not for the truth of the matters asserted in the other litigation, but rather to establish the fact of such litigation and related filings." (internal quotation marks omitted)).  In that case, Judge Oetken dismissed Baker's copyright claims against Coates for failure to state a claim based on his finding that Baker failed to plausibly allege "that Defendants' works exhibit substantial similarity to protected elements of *Shock Exchange*," a decision that was affirmed by the Second Circuit earlier today.  *Baker v. Coates*, No. 22-CV-7986 (JPO), 2023 WL 6289964, at *4 (S.D.N.Y. Sept. 27, 2023), *aff'd*, *Baker v. Coates*, No. 23-7483, slip op. at 5 (2d Cir. Dec. 11, 2024) ("We agree with the district court that Baker has failed to demonstrate substantial similarity as a matter of law between *Shock Exchange* and the alleged infringing works.").

Judge Oetken concluded first that Baker's claims rested on "elements of his work that are

4

not protectable under copyright law," such as "his unique writing style of 'rhythmic prose and tedious talk.'" *Id.* He then found that "even granting that Baker's work contains protectable elements, Baker's claims must be dismissed" because "Baker's and Defendants' works actually differ dramatically in total concept and overall feel as well as in elements more easily isolated, like plot, themes, and pacing." *Id.* (cleaned up). On appeal, the Second Circuit agreed, noting that "the works are so dramatically different in content, total concept, and overall feel that no lay observer would regard Coates's works as having been appropriated from *Shock Exchange*. Beyond relating to Black history and culture, the overall concepts of *Shock Exchange* and Coates's works bear little overlap. To the extent there are any similarities between Baker's work and Coates's, they concern *ideas*, which are not copyrightable, rather than the *expression* of those ideas or the form in which they are presented, which are copyrightable. " *Baker*, slip op. at 5 (internal quotation marks omitted); *see also id.* at 5-6 (concluding that "the fundamental essence or structure of *Shock Exchange* was" not "duplicated in Coates's works").

  Upon review of Baker's Complaint in this case, the Court is inclined to conclude that Baker's copyright infringement claims against Hannah-Jones and Kendi likely fail for substantially the same reasons adopted by Judge Oetken and the Second Circuit in Baker's 2022 action. First, Baker premises many of his claims against Hannah-Jones and Kendi on the exact elements of *Shock Exchange* that Judge Oetken and the Second Circuit found are not protectable under copyright law. He once again alleges that Defendants copied his unique "rhythmic prose and tedious talk," *see, e.g.*, Compl. ¶¶ 4, 13, 18, 148, 149, for example, but fails to "identify elements of *Shock Exchange* that constitute unique enough literary devices to qualify as copyrightable material," *Baker*, 2023 WL 6289964, at *4. Second, even assuming Baker's work contains protectable elements, dismissal is likely warranted because, here too, Baker fails to

5

allege substantial similarity between his work and the allegedly infringing works.  In support of his position, Baker's Complaint, like his complaint in the 2022 action, provides a list of side-by-side comparisons of passages from *Shock Exchange* and passages from the allegedly infringing works.  *See* ECF 1, at 37-67.[1]  Just as in Baker's 2022 suit, however, "those side-by-side comparisons demonstrate that Baker's and Defendants' works actually differ dramatically in total concept and overall feel as well as in elements more easily isolated, like plot, themes, and pacing."  *Baker*, 2023 WL 6289964, at *4 (cleaned up); *see Baker*, slip op. at 4-5.  For example, Baker includes a comparison of a passage from *Shock Exchange* and a passage from Hannah-Jones's "The 1619 Project" that are purportedly similar.  *See* ECF 1, at 41-42.  But Baker's excerpt, which describes W.E.B. Du Bois's writings on the economic conditions in Farmville, Virginia, is wholly distinct in content and style from Hannah-Jones's excerpt, which describes the experience of her father's family as sharecroppers in Greenwood, Mississippi.  *Id.*  "Such lack of similarity ultimately pervades the numerous comparisons that Baker provides in his complaint," which is "unsurprising, given the divergent natures of Baker's work and the challenged works."  *Baker*, 2023 WL 6289964, at *5.

At a minimum, the Court is inclined to conclude that Baker fails to state a claim against many Defendants named in his suit.  In addition to Hannah-Jones and Kendi, Baker names ninety-five other Defendants: publishers, editors, media and production companies, universities, and even personal acquaintances of the two authors — all of whom Baker refers to as "agents."  *See, e.g.*, Compl. ¶ 181.  Construed liberally, Baker's allegations against these defendants assert claims under a theory of contributory copyright infringement.  "[C]ontributory infringement liability is imposed on persons who know or have reason to know of the direct infringement,"

---

[1] The citation to the Complaint is to the page number automatically generated by the Court's Electronic Case Filing ("ECF") system.

and "liability exists if the defendant engages in personal conduct that encourages or assists the infringement." *Arista Records, LLC v. Doe 3*, 604 F.3d 110, 118 (2d Cir. 2010) (cleaned up). "To state a claim for contributory copyright infringement, a plaintiff must aver that the defendant, 'with knowledge of the infringing activity, induce[d], cause[d], or materially contribute[d] to the infringing conduct of another.'" *Warner Bros. Entm't Inc. v. Ideal World Direct*, 516 F. Supp. 2d 261, 267-68 (S.D.N.Y. 2007) (alterations in original) (quoting *Gershwin Publ'g Corp. v. Columbia Artists Mgmt., Inc.*, 443 F.2d 1159, 1162 (2d Cir. 1971)).

Baker likely fails to state a claim for contributory copyright infringement. For one thing, "there can be no contributory infringement absent actual infringement." *Faulkner v. Nat'l Geographic Enters. Inc.*, 409 F.3d 26, 40 (2d Cir. 2005). Thus, if Baker's actual infringement claims against Hannah-Jones and Kendi are dismissed, his contributory copyright infringement claims against the remaining Defendants would have to be dismissed as well. But even assuming Baker states a claim for actual infringement, his contributory infringement allegations are entirely conclusory. *See, e.g.*, Compl. ¶ 181 (listing various individuals as defendants without specifying any connection to the copyrighted material); *id.* ¶¶ 183-86 (asserting, without detail or evidence, that thirty-four educational institutions and colleges "had the right and ability to supervise the infringement of Plaintiff's work"); *id.* ¶¶ 187-202 (asserting conclusory infringement claims against various media, publishing, and entertainment companies). That is, on this score, Baker's "pleadings contain nothing but bare legal conclusions, which are not factual allegations entitled to a presumption of truth." *BWP Media USA Inc. v. Hollywood Fan Sites, LLC*, 69 F. Supp. 3d 342, 356 (S.D.N.Y. 2014). The Court is thus inclined to dismiss Baker's claims against the remaining Defendants for failure to state a claim as well.

Next, it appears that Baker may be seeking to relitigate his copyright infringement claims

7

against Defendant Ta-Nehisi Coates based on Coates's own publications. *See, e.g.,* Compl. ¶¶ 128, 133 (accusing Coates and his editor of "copying Plaintiff's language, word choice, literary writing style, and arrangement of words"). If so, these claims are likely barred by the doctrine of collateral estoppel or issue preclusion, which "prevents parties or their privies from relitigating in a subsequent action an issue of fact or law that was fully and fairly litigated in a prior proceeding." *M.O.C.H.A. Soc'y, Inc. v. City of Buffalo*, 689 F.3d 263, 284 (2d Cir. 2012). Baker's claim that publications by Coates infringed on *Shock Exchange* were fully and fairly litigated in Baker's 2022 action and dismissed as meritless. *See Baker*, 2023 WL 6289964, at *5 (dismissing Baker's copyright claims against Coates for failure to state a claim).

Lastly, Baker asserts in passing that Defendants engaged in unfair competition. *See e.g.*, Compl. ¶ 174. But "claims about misrepresentation of the author of a work are not cognizable under either the Lanham Act or New York common law." *Baker*, 2023 WL 6289964, at *5. "As a result," any such claim would likely fail as a matter of law. *Id.*

In light of the foregoing, it is hereby ORDERED that Baker show cause in writing — in a memorandum of law **not to exceed twenty-five pages** — by **January 9, 2025**, why his claims should not be dismissed in whole or in part for the reasons set forth above. If Baker fails to show cause or does not file anything by the deadline, the Court may dismiss the action — in whole or in part — *sua sponte* without further notice.

SO ORDERED.

Dated: December 11, 2024
      New York, New York

                                              JESSE M. FURMAN
                                         United States District Judge