UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------------X
:
RALPH W. BAKER JR.,                                                  :
:
                      Plaintiff,                            :
:            24-CV-8760 (JMF)
       -v-                                                        :
:        MEMORANDUM OPINION
NIKOLE HANNAH-JONES et al.,                                         :           AND ORDER
:
                      Defendants.                          :
:
---------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

       On January 15, 2025, the Court issued an Order of Dismissal that *sua sponte* dismissed this case for failure to state a claim on which relief may be granted. *See* ECF No. 6. On the same day, Plaintiff Ralph W. Baker Jr.'s ("Baker") response to the Court's earlier Order to Show Cause — which had ordered Baker to show why the Complaint should not be dismissed, *see* ECF No. 4 — was entered on the docket. *See* ECF No. 5 ("Pl.'s Response"). As noted in the Order of Dismissal, however, Baker was ordered to show cause by January 9, 2025, and warned that "[i]f Baker fails to show cause or does not file anything by the deadline, the Court may dismiss the action . . . *sua sponte* without further notice." ECF No. 4, at 8. Given that Baker did not file anything by January 9, 2025, *sua sponte* dismissal of the action was appropriate.[1]

       In any event, even if Baker's response had been timely filed, it would not have rescued the Complaint. Nothing in Baker's response refutes the Court's conclusion that Baker's copyright infringement claims fail because he has not alleged "substantial similarity between his work and the allegedly infringing works" given that "Baker's and Defendants' works actually differ dramatically in total concept and overall feel as well as in elements more easily isolated, like plot, themes, and pacing." *Id.* at 6. This lack of similarity continues to pervade the comparisons that Baker cites in his response, *see* Pl.'s Response 12-21, and is fatal to all of Baker's claims. The Court thus maintains that, for substantially the reasons set forth in its December 11, 2024 Order, dismissal of the action for failure to state a claim is warranted.

       Finally, Baker requests leave to amend the Complaint to address the Court's concern that some or all of his claims may be time barred. *See* Pl.'s Response 3. Although leave to amend should be freely given "when justice so requires," Fed. R. Civ. P. 15(a)(2), it is "within the sound discretion of the district court to grant or deny leave to amend, *Broidy Cap. Mgmt. LLC v. Benomar*, 944 F.3d 436, 447 (2d Cir. 2019). Here, the problem with Baker's claims is substantive, so amendment would be futile. *See, e.g., Roundtree v. NYC*, No. 19-CV-2475

---

[1]     Nor is Baker's failure to meet the deadline explained by his *pro se* status. His response is *dated* January 10, 2025 — i.e., after the deadline.

(JMF), 2021 WL 1667193, at *6 (S.D.N.Y. Apr. 28, 2021) (citing cases).  That is, even assuming Baker's copyright claims are timely, he fails to plausibly allege copyright infringement.  Notably, in seeking leave to amend, Baker states only that "amendment would include sharply reducing the number of defendants and co-defendants listed in the Complaint."  Pl.'s Response 3.  Reducing the number of named defendants, however, in no way cures the substantive deficiencies in Baker's copyright infringement claims.  *See, e.g., Clark v. Kitt*, No. 12-CV-8061 (CS), 2014 WL 4054284, at *15 (S.D.N.Y. Aug. 15, 2014) ("A plaintiff need not be given leave to amend if [it] fails to specify how amendment would cure the pleading deficiencies in [its] complaint.").  Accordingly, Baker's request for leave to amend is DENIED.

This Court certifies, pursuant to Title 28, United States Code, Section 1915(a)(3), that any appeal from this Order would not be taken in good faith, and *in forma pauperis* status is thus denied.  *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: January 16, 2025
New York, New York

_____
JESSE M. FURMAN
United States District Judge