```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
                                                                  :
RALPH W. BAKER JR.,                                               :
                                                                  :
                                  Plaintiff,                      :
                                                                  :      24-CV-8760 (JMF)
                -v-                                               :
                                                                  :      MEMORANDUM OPINION
NIKOLE HANNAH-JONES et al.,                                       :           AND ORDER
                                                                  :
                                  Defendants.                     :
                                                                  :
------------------------------------------------------------------X
```

JESSE M. FURMAN, United States District Judge:

In this action, familiarity with which is presumed, Plaintiff Ralph W. Baker Jr. ("Baker"), proceeding without counsel, brought claims under the Copyright Act, 17 U.S.C. § 101, *et seq.*, alleging that publications and derivative works by Defendants, including journalists and authors Nikole Hannah-Jones and Ibram X. Kendi, infringed on his copyright. *See* ECF No. 1 ("Compl."). On December 11, 2024, the Court issued a Memorandum Opinion and Order to Show Cause directing Baker to show cause why the case should not be dismissed for failure to state a claim no later than January 9, 2025. *See* ECF No. 4. After Baker failed to respond by that deadline, the Court *sua sponte* dismissed the action on January 15, 2025. *See* ECF No. 6. Baker's response, however, was entered on the docket that same day. *See* ECF No. 5. On January 16, 2025, the Court issued another Memorandum Opinion and Order to address Baker's response, explaining that "even if Baker's response had been timely filed, it would not have rescued the Complaint" because "he has not alleged substantial similarity between his work and the allegedly infringing works." ECF No. 8, at 1 (internal quotation marks omitted). Baker now moves for reconsideration. *See* ECF No. 9 ("Pl.'s Recon. Mem."). For the reasons stated below, his motion for reconsideration is GRANTED in part and DENIED in part.

Motions for reconsideration are governed by Rule 59(e) of the Federal Rules of Civil Procedure and Local Civil Rule 6.3, which are meant to "ensure the finality of decisions and to prevent the practice of a losing party examining a decision and then plugging the gaps of a lost motion with additional matters." *Medisim Ltd. v. BestMed LLC*, No. 10-CV-2463 (SAS), 2012 WL 1450420, at *1 (S.D.N.Y. Apr. 23, 2012) (internal quotation marks omitted). "A district court has broad discretion in determining whether to grant a motion [for reconsideration]." *Baker v. Dorfman*, 239 F.3d 415, 427 (2d Cir. 2000). "It is well-settled that Rule 59 is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple. Rather, the standard for granting a Rule 59 motion for reconsideration is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked." *Analytical Survs., Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (cleaned up).

In this case, Baker's motion for reconsideration contests both the Court's findings that his response was untimely and that he fails to plausibly allege copyright infringement. Baker's first point — with respect to timeliness — is well taken. As Baker notes, the January 9, 2025 deadline to respond to the Court's Order to Show Cause fell on a federal holiday — namely, the National Day of Mourning for President Jimmy Carter. *See* Pl.'s Recon. Mem. 1. Rule 6 of the Federal Rules of Civil Procedure provides that when a filing deadline falls on a "legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday." Fed. R. Civ. P. 6(a)(1)(C). Thus, Baker is correct in arguing that he had until January 10, 2025, to respond to the Court's Order to Show Cause. And although Baker's response was not entered on the docket until January 15, 2025, the document is dated January 10, 2025. *See* ECF No. 5. In light of the holiday deadline, the Court agrees with Baker that his response to the

Order to Show Cause was timely. To the extent Baker's reconsideration motion challenges the Court's earlier timeliness finding, then, the motion is granted.

That said, the Court's January 16, 2025 Memorandum Opinion and Order was clear that, "even if Baker's response had been timely filed," the response did not "rescue[] the Complaint." ECF No. 8, at 1. That is because Baker's response could not avoid the more basic problem that Baker "ha[d] not alleged substantial similarity between his work and the allegedly infringing works given that Baker's and Defendants' works actually differ dramatically in total concept and overall feel as well as in elements more easily isolated, like plot, themes, and pacing." *Id.* (internal quotation marks omitted). On this score, Baker's motion for reconsideration is more of the same. He once again provides side-by-side comparisons of select passages from his work and the allegedly infringing works, *see* Pl.'s Recon. Mem. 4-10, which only serve to highlight "the divergent natures of Baker's work and the challenged works," ECF No. 4, at 6. In the end, Baker "merely disagree[s] with the Court's decision. But that is a reason to appeal, not a basis to move for reconsideration." *Allen v. City of New York*, No. 19-CV-3786 (JMF), 2023 WL 171402, at *1 (S.D.N.Y. Jan. 12, 2023). Accordingly, and for the reasons stated above, Baker's motion for reconsideration must be and is GRANTED in part and DENIED in part.

The Clerk of Court is directed to terminate ECF No. 9.

SO ORDERED.

Dated: January 30, 2025
New York, New York

_____
JESSE M. FURMAN
United States District Judge

3