UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
:
RALPH W. BAKER JR.,                                                     :
:
:
Plaintiff,                                :
:     24-CV-8760 (JMF)
-v-                                                 :
:     MEMORANDUM OPINION
NIKOLE HANNAH-JONES et al.,                                             :     AND ORDER
:
Defendants.                               :
:
------------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

      Plaintiff Ralph W. Baker Jr. has filed a second motion for reconsideration, *see* ECF No. 11 ("Pl.'s Recon. Mem."), this time with respect to the Court's denial — in its January 16, 2025 Memorandum Opinion and Order — of his request for leave to amend, *see* ECF No. 8.

      Baker's motion for reconsideration is borderline frivolous. "It is well-settled that Rule 59 is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple. Rather, the standard for granting a Rule 59 motion for reconsideration is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked." *Analytical Survs., Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (cleaned up). Here, Baker seeks reconsideration of the Court's denial of leave to amend on two grounds, neither of which comes close to being persuasive. Baker argues first that leave to amend is warranted because his copyright claims are not time barred. *See* Pl.'s Recon. Mem. 1. But the Court's January 16, 2025 Order explained that "even assuming Baker's copyright claims are timely," amendment would be futile because "he fails to plausibly allege copyright infringement." ECF No. 8, at 2. Second, Baker seeks — yet again — to relitigate the Court's

conclusion that he fails to plausibly allege substantial similarity between his work and the allegedly infringing works.  *See* Pl.'s Recon. Mem. 1-5.  At this point, the Court has explained in three separate Orders why Baker has failed to plausibly allege copyright infringement.  *See* ECF Nos. 4, 8, 10.  As the Court admonished only yesterday, Baker's disagreements on this score are "a reason to appeal, not a basis to move for reconsideration."  *Allen v. City of New York*, No. 19-CV-3786 (JMF), 2023 WL 171402, at *1 (S.D.N.Y. Jan. 12, 2023).  For these reasons, Baker's motion for reconsideration must be and is DENIED.  Any further relief must be sought from the Court of Appeals, not from this Court.

This Court certifies, pursuant to Title 28, United States Code, Section 1915(a)(3), that any appeal from the Court's Orders in this case, including but not limited to this Memorandum Opinion and Order, would not be taken in good faith, and *in forma pauperis* status is thus denied.  *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to terminate ECF No. 11.

SO ORDERED.

Dated: January 31, 2025  
New York, New York

_____  
JESSE M. FURMAN  
United States District Judge