UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RALPH W. BAKER JR., Plaintiff, -v- NIKOLE HANNAH-JONES et al., Defendants. | 24-CV-8760 (JMF) ORDER |

JESSE M. FURMAN, United States District Judge:

Several years ago, a family member established a trust for which I agreed to serve and did serve, with another family member, as co-trustee. Although I had legal authority to act on behalf of the trust, I played no role in managing the trust, including but not limited to choosing the assets of the trust. My spouse, my children, and I are not beneficiaries of the trust.

On July 10, 2026, it came to my attention that among the assets in the trust are shares of Paramount Skydance Corporation. I immediately took steps to resign my position as co-trustee and, on July 14, 2026, did resign my position. Thereafter, I learned that the trust held shares of Paramount Global (one of the entities that merged to form Paramount Skydance Corporation) when this matter, in which Paramount Global was one of the many named Defendants, was pending before this Court.

Canon 4E of the Code of Conduct for United States Judges provides that a judge may serve as a trustee of a trust of a family member, but that, "[w]hile acting as a fiduciary, a judge is subject to the same restrictions on financial activities that apply to the judge in a personal capacity." Canon 3C(1)(C) provides that a judge "shall disqualify himself or herself in a proceeding in which the judge's impartiality might reasonably be questioned, including but not

limited to instances in which . . . the judge knows that the judge, individually or as a fiduciary, . . . has a financial interest in the subject matter in controversy or in a party to the proceeding, or any other interest that could be affected substantially by the outcome of the proceeding." *See also* 28 U.S.C. § 455(b)(4). Applying that Canon, the Judicial Conference Committee on Codes of Conduct explains in Advisory Opinion 101 that "[o]wnership of any stock in a party, however small, automatically requires a judge's disqualification."[1]

Notwithstanding the foregoing, Canon 3C(4) of the Code of Conduct for United States Judges states that a judge need not recuse because of "a financial interest in a party" if the judge "divests the interest that provides the grounds for disqualification," unless the interest could be substantially affected by the outcome of the proceeding. My resignation as co-trustee on July 14, 2026, is the functional equivalent of divestiture under Canon 3C(4), and I have concluded that the trust's interest Paramount Global could not have been substantially affected by the outcome of these proceedings. Additionally, the trust's interest in Paramount Global — of which I was unaware until July 10, 2026 — did not affect or impact any decision in this case.

In Advisory Opinion No. 71, the Committee on Codes of Conduct provides the following guidance for addressing disqualification that is not discovered until after a judge has participated in a case:

> [A] judge should disclose to the parties the facts bearing on disqualification as soon as those facts are learned, even though that may occur after entry of the decision. The parties may then determine what relief they may seek and a court (without the disqualified judge) will decide the legal consequence, if any, arising from the participation of the disqualified judge in the entered decision.

Although Advisory Opinion No. 71 contemplated disqualification after a Court of Appeals oral argument, the Committee explained that "[s]imilar considerations would apply when a judgment

[1] This and the other Advisory Opinion cited herein may be found at https://www.uscourts.gov/administration-policies/judiciary-policies/ethics-policies/published-advisory-opinions.

was entered in a district court by a judge and it is later learned that the judge was disqualified."

With Advisory Opinion No. 71 in mind, any party may seek relief based on the disclosures set forth herein by filing a motion on or before **August 5, 2026**.[2] If any party does so, the motion will be considered by another Judge of this Court without my participation.

SO ORDERED.

Dated: July 22, 2026
New York, New York

JESSE M. FURMAN
United States District Judge

[2] To the extent that this Court lacks authority to grant relief because of a pending appeal, a party may request an indicative ruling in accordance with Rule 62.1 of the Federal Rules of Civil Procedure.